# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHN JOSEPH HILDEBRAND, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-313 (MTT) |
| | ) |
| CITY OF WARNER ROBINS, GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff John Joseph Hildebrand, III, filed his initial complaint in the Superior Court of Houston County, Georgia on June 26, 2017, and Defendants City of Warner Robins, Georgia; Randy Toms; Tim Thomas; Carolyn Robins; Chuck Shaneen; Keith Lauritsen; Clifford Holmes; and Mike Davis were served on July 17, 2017. Docs. 1 ¶ 2; 1-3. Asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Defendants properly removed the action to this Court on August 16, 2017. Doc. 1. Hildebrand then filed an amended complaint on September 9, 2017, which the Defendants have now moved to dismiss. Docs. 4; 12. Hildebrand failed to respond to this motion. However, the Court need not reach the merits of the Defendants' motion to dismiss because the Court exercises its discretion to decline jurisdiction over Hildebrand's amended complaint.

Hildebrand's initial complaint alleged claims based on his federal due process and equal protection rights as well as a claim under 42 U.S.C. § 1983. Doc. 1-3 ¶¶ 45- 50. But Hildebrand's amended complaint dropped those federal claims and alleged only

a state mandamus claim thereby removing the lone basis for the Court's jurisdiction.[1]  Doc. 4 ¶¶ 46-50.  However, the Court has discretion to retain jurisdiction in a situation such as this.  *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) (stating that the district court had "discretion to retain jurisdiction over the state law claims even after [an] amended complaint remove[d] any federal cause of action.").  But the Court also has discretion to remand "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988) ("[F]ederal courts [have] wide discretion to remand cases involving pendent claims when the exercise of pendent jurisdiction over such cases would be inappropriate.").

The Court exercises its discretion to remand this case rather than retain jurisdiction.  The case is **REMANDED** to the Superior Court of Houston County, Georgia.  The Defendants' motion to dismiss (Doc. 12) is **DENIED as moot**.

**SO ORDERED**, this the 18th day of May, 2018.

                                                      S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[1] All parties are citizens of Georgia and thus this Court does not have diversity jurisdiction.